IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Florentino Thomas Esparza,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 07-1162-PHX-EHC (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Florentino Thomas Esparza. Doc. #4. Pursuant to two plea agreements, Petitioner pled guilty on January 10, 2003, to twelve counts of armed robbery and nine counts of aggravated assault. Doc. #11, Exh. C, D, F and G. Among the terms of the plea agreements, Petitioner's total sentence for all counts was limited to no more than 42 years. Doc. #11, Exh. C, D. On February 21, 2003, Petitioner was sentenced to 21 years in prison for each of the armed robbery counts and 15 years in prison for each of the aggravated assault counts. Doc. #11, Exh. J, K. The trial court ordered all the prison terms to run concurrently, thereby limiting the total sentence to 21 years. Id.

On March 11, 2003, Petitioner filed a Notice of Post-Conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #11, Exh. L. On July 24, 2003,

Petitioner's counsel, who was appointed after Petitioner filed the notice, filed a Motion to Allow Petitioner to Proceed *Pro Se*, and for an Extension of Time. Doc. #11, Exh. M. Counsel explained to the trial court that after searching the record she was unable to find a tenable issue to raise in a petition for post-conviction relief. Id. After receiving extensions from the court, Petitioner filed a Pro-Per Petition for Post-Conviction Relief on February 11, 2004. Doc. #11, Exh. P. In a Minute Entry filed on July 22, 2004, the trial court summarily dismissed the petition. Doc. #11, Exh. R. Petitioner filed a Motion for Rehearing, which the court denied on August 27, 2004. Doc. #11, Exh. V. Petitioner then filed a Petition for Review in the Arizona Court of Appeals on September 27, 2004. Doc. #11, Exh. W. The Court of Appeals issued an Order on July 8, 2005, staying the matter and directing the trial court to consider the Blakely claim raised in the motion for rehearing. Doc. #11, Exh. Y. In a Minute Entry filed on August 12, 2005, the trial court denied Petitioner's request for relief under Blakely after concluding that Petitioner's factual admissions during the change of plea hearing allowed the court to impose aggravated prison terms without violating Blakely. Doc. #11, Exh. Z. Petitioner filed another Motion for Rehearing, which the court denied on November 1, 2005. Doc. #11, Exh. EE. The Arizona Court of Appeals subsequently denied the petition for review from the trial court's denial of post-conviction relief. Doc. #11, Exh. FF.

Petitioner then filed another Petition for Review challenging only the trial court's decision on the Blakely claim, which the Court of Appeals denied as untimely on March 10, 2006. Doc. #11, Exh. II, NN. A subsequent Petition for Review to the Arizona Supreme Court was denied on May 8, 2006. Doc. #11, Exh. OO.

Petitioner filed his original Petition for Writ of Habeas Corpus in this court on June 12, 2007, and an Amended Petition on July 20, 2007. Doc. #1, #4. Petitioner alleges three grounds for relief in the amended petition. First, he alleges that the change of plea proceeding in state court violated the Due Process Clause because the court failed to inform him of the sentencing range for three of the counts. Second, he alleges that his lawyer provided ineffective assistance in violation of the Sixth Amendment by giving Petitioner

1  erroneous advice about how much prison time he could get if he went to trial and lost. He
2  further contends that his lawyer failed to file a motion based on an illegal search and seizure.
3  Third, Petitioner claims that the aggravated sentences imposed by the trial court violated
4  Blakely v. Washington, 542 U.S. 296 (2004). On October 10, 2007, Respondents filed a
5  Limited Answer to Petition for Writ of Habeas Corpus. Doc. #11. Petitioner then filed a
6  Reply on May 20, 2008. Doc. #23.

The Presentence Investigation report summarized the facts of the case as follows:

> Between June 30, 2002, and July 22, 2002, the defendant and co-defendants Michael Griffor, Michael Bautista, and Andres Rodriquez entered several area businesses with weapons, locked the employees and customers in walk-in coolers or ordered them to the back of the buildings. They then stole cash from the registers and safes before leaving the businesses. These defendants later became known as the hockey bandits, as they wore hockey masks during the commission of these crimes.

## DISCUSSION

Respondents contend that Petitioner's claims are barred by his guilty pleas in the state court. The court finds that only one claim in Petitioner's second ground for relief is barred by his guilty plea. Because Petitioner's other claims in his first two grounds for relief arguably go to the voluntariness of the guilty pleas, and because the third ground for relief alleges a post-plea constitutional violation, the court finds that these claims are not barred.

Respondents alternatively contend that the claims are procedurally defaulted because Petitioner failed to properly exhaust his state court remedies. In a § 2254 habeas case, the court may decide a case on the merits even if a petitioner has not properly exhausted his state court remedies. See 28 U.S.C. § 2254(b)(2). Because the facts here do not clearly establish procedural default, the court will address the merits of the remaining claims.

**A.   Claim Barred by Guilty Pleas**

As a general rule, a guilty plea eliminates subsequent claims of constitutional violations that occurred before the plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989); Marrow v. United States, 772 F.2d 525, 527 (9th Cir. 1985). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504,

508 (1984). "[O]ne who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations." Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981 (1985). An unconditional guilty plea "cures all antecedent *constitutional* defects." United States v. Floyd, 108 F.3d 202, 204 (9th Cir.1997) (emphasis in original). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

In one of the ineffective assistance claims that Petitioner raises in ground two, he contends that his lawyer failed to file a motion to suppress for an alleged illegal search and seizure. Such a claim does is not an attack on the voluntariness of the plea. Any alleged failure to raise an illegal search and seizure issue was cured by Petitioner's subsequent unconditional guilty pleas. The court therefore finds that this claim is barred by Petitioner's guilty pleas. The court will recommend that it be denied.

**B.     Merits of the Remaining Claims**

    **1.     AEDPA Standard of Review**

Under the AEDPA[1], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). A state court's decision is "contrary to" clearly established precedent if (1) "the state court

---

[1] Antiterrorism and Effective Death Penalty Act of 1996.

- 4 -

1 applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2)
2 "if the state court confronts a set of facts that are materially indistinguishable from a decision
3 of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."
4 Taylor, 529 U.S. at 405-06.  "A state court's decision can involve an 'unreasonable
5 application' of Federal law if it either (1) correctly identifies the governing rule but then
6 applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails
7 to extend a clearly established legal principle to a new context in a way that is objectively
8 unreasonable."  Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).  Thus, the
9 "unreasonable application" clause requires the state court's application of Supreme Court law
10 to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v.
11 Andrade, 538 U.S. 63, 75 (2003).  "When applying these standards, the federal court should
12 review the 'last reasoned decision' by a state court ...."  Robinson v. Ignacio, 360 F.3d 1044,
13 1055 (9th Cir. 2004).

14     **2.     Ground One**

15 Petitioner claims in ground one that his right to due process was violated during his
16 change of plea hearing when the court failed to advise him of the sentencing range for three
17 armed robbery counts to which he pled guilty.  Petitioner's claim is without merit.

18 The twelve armed robbery counts to which Petitioner pled guilty were divided into
19 two plea agreements, one containing nine counts and the other containing three counts.  Doc.
20 #11, Exh. C, D.  Each of the two plea agreements clearly sets forth the sentencing range for
21 the armed robbery counts, 7 to 21 years in prison.  Id.  The range is the same in both
22 agreements.  Id.  During the change of plea proceeding, the court explained this sentencing
23 range with respect to the armed robbery counts in the first plea agreement.  Doc. #11, Exh.
24 E at 45-47.  When discussing the armed robbery counts in the second agreement, the court
25 confirmed that Petitioner wished to plead guilty to those counts as well.  Doc. #11, Exh. E
26 at 52.  The court did not again explain that those three counts also carried a sentence of 7 to
27 21 years, as the sentencing range for such counts had already been discussed.  Id.
28

These facts do not establish a due process violation. The sentencing range for all the armed robbery counts was clearly set forth in each of the two plea agreements. The court discussed that range during the change of plea proceeding as it pertained to the armed robbery counts in the first plea agreement. Petitioner stated that he understood when the court explained that range. Further, as evidenced by his signature and initials on each plea agreement, Petitioner knew that the same range applied to the armed robbery counts in the second plea agreement. The court's failure to explain, a second time, the sentencing range for the armed robbery counts in the second plea agreement, when it had just done so with respect to the first plea agreement, was not an error that approaches a due process violation. Petitioner was sufficiently apprised of the range of sentences he faced for all the offenses to which he pled guilty.

Petitioner has not established that the trial court's decision denying his petition for post-conviction relief, in which he raised this due process claim, was contrary to, or an unreasonable application of, Supreme Court law, or that the decision was based on an unreasonable determination of the facts. Accordingly, the court will recommend that the claim in ground one be denied.

### 3. Ground Two

Petitioner next contends that his lawyer provided ineffective assistance of counsel when he gave erroneous information about how much prison time Petitioner could receive if he lost at trial. The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 689-90. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the

- 6 -

1 circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
2 perspective at the time." Id. at 689.

3 The Strickland test also applies to challenges to guilty pleas based on ineffective
4 assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant who pleads
5 guilty based on the advice of counsel may attack the voluntary and intelligent character of
6 the guilty plea by showing that the advice he received from counsel fell below the level of
7 competence demanded of attorneys in criminal cases. Id. at 56. To satisfy the second prong
8 of the Strickland test, "the defendant must show that there is a reasonable probability that,
9 but for counsel's errors, he would not have pleaded guilty and would have insisted on going
10 to trial." Id. at 59.

11 Petitioner claims his lawyer told him he could get 680 years in prison if he went to
12 trial and lost. Even if his lawyer said this, Petitioner has not demonstrated that it constitutes
13 deficient performance or that, but for this information, Petitioner would not have taken the
14 plea.

15 Petitioner was charged with twelve counts of armed robbery, Class 2 Dangerous
16 Felonies under Arizona law. Doc. #11, Exh. A, B; A.R.S. § 13-1904, § 13-604(I), (P). The
17 maximum penalty for each count was 21 years in prison. A.R.S. § 13-604(I). If Petitioner
18 was found guilty of all the armed robbery counts at trial and the judge ordered the sentences
19 to run consecutively, Petitioner could have faced up to 252 years in prison for the armed
20 robbery convictions. Additionally, Petitioner was charged with eleven counts of aggravated
21 assault, Class 3 Dangerous Felonies under Arizona law. Doc. #11, Exh. A, B; A.R.S. § 13-
22 1204(A)(2), § 13-604(I), (P). The maximum penalty for each count was 15 years. A.R.S.
23 § 13-604(I). If Petitioner was found guilty of all the aggravated assault counts at trial and
24 the judge ordered the sentences to run consecutively, Petitioner could have faced up to 165
25 years in prison. Combined with the armed robbery convictions, Petitioner could have been
26 sentenced to a total of 417 years in prison.

27 Petitioner's counsel, in advising Petitioner that he faced up to 680 years in prison may
28 have been relying on some other provision of Arizona law of which this court is not aware.

- 7 -

1    Regardless, Petitioner's counsel's advice was accurate in that Petitioner was facing a prison
2    term that far exceeded his natural life if he lost at trial. Given that the difference between
3    417 years and 680 years is irrelevant when considering that Petitioner would not live long
4    enough to serve either term, counsel's calculation of the potential sentence, even if
5    inaccurate, does not constitute deficient performance. The bottom line is that Petitioner's
6    potential sentence if he lost at trial was far longer than Petitioner would live.

7    Moreover, Petitioner has not satisfied the prejudice prong of the Strickland standard.
8    Petitioner has not demonstrated that he would not have pled guilty if his lawyer had given
9    him accurate information about the potential sentence he faced if convicted at trial. It would
10   indeed be absurd for Petitioner to claim that if he was only facing up to 417 years instead of
11   680 years, he would have risked going to trial. Because Petitioner would not be able to show
12   a "reasonable probability" that he would have accepted the plea offer, an evidentiary hearing
13   is not necessary. See Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003).

14   Petitioner has failed to meet the Strickland standard for ineffective assistance of
15   counsel. As such, he has not demonstrated that the state court's decision denying this claim
16   was contrary to, or an unreasonable application of, Supreme Court law, or that the decision
17   was based on an unreasonable determination of the facts. Accordingly, the court will
18   recommend that the claim be denied.

19   **4.   Ground Three**

20   Petitioner alleges in ground three that his sentence violates Blakely v Washington.
21   He claims that the trial court was not authorized to impose aggravated sentences because the
22   facts required to impose such sentences were not found by a jury or admitted by him.

23   In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court applied the rule
24   announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000): "Other than the fact of a
25   prior conviction, any fact that increases the penalty for a crime beyond the statutory
26   maximum must be submitted to a jury and proved beyond a reasonable doubt." The Court
27   explained in Blakely that "the 'statutory maximum' for Apprendi purposes is the maximum
28   sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or*

1 *admitted by the defendant.*"  Blakely, 542 U.S. at 303 (citations omitted) (emphasis in
2 original).  Thus, a judge may not impose a sentence in excess of what the jury's factual
3 findings or the defendant's own admissions allow.  See id.

4         In denying this claim when Petitioner raised it in state post-conviction proceedings,
5 the trial court found that the use of aggravating factors to enhance the sentence against
6 Petitioner did not violate Blakely.  Doc. #11, Exh. Z.  The court acknowledged finding three
7 aggravating factors for the armed robbery offenses and two aggravating factors for the
8 aggravated assault offenses.  Id. at 2.  For the armed robbery offenses, the court found that
9 they were all committed for pecuniary gain, that numerous dangerous offenses were
10 committed in a short time span, and that at least during that time span, the defendant was an
11 extreme danger to the community.  Id.  For the aggravated assault offenses, the court found
12 the same aggravating factors except the one regarding pecuniary gain.  Id.  The court
13 explained, however, that by pleading guilty, Petitioner admitted committing numerous
14 dangerous offenses within a one-month period and that he used a gun to coerce the victims
15 to surrender property to him and his codefendants.  Id.  The court therefore found that
16 Petitioner's own admissions during the change of plea hearing provided the factual basis for
17 the aggravated sentences.  Id.  Accordingly, the court denied Petitioner's Blakely claim.

18         Petitioner has presented nothing to show that the trial court's determination was
19 contrary to, or an unreasonable application of, Blakely, or that it was based on an
20 unreasonable determination of the facts.  The court finds that the trial court's decision was
21 a proper application of Blakely, thereby rendering the claim in ground three meritless.
22 Petitioner has failed to satisfy the legal standard for habeas relief and the court will therefore
23 recommend that his Blakely claim be denied.

24 **C.     Conclusion**

25         Having determined that one of Petitioner's claims is barred by his guilty plea and that
26 the others fail on the merits, the court will recommend that the amended petition be denied
27 and dismissed.

28 **IT IS THEREFORE RECOMMENDED:**

1  That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
2  (Doc. #4) be **DENIED** and **DISMISSED WITH PREJUDICE**;

3  This recommendation is not an order that is immediately appealable to the Ninth
4  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
5  Appellate Procedure, should not be filed until entry of the district court's judgment. The
6  parties shall have ten days from the date of service of a copy of this recommendation within
7  which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R.
8  Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a
9  response to the objections. Failure to timely file objections to the Magistrate Judge's Report
10 and Recommendation may result in the acceptance of the Report and Recommendation by
11 the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114,
12 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
13 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
14 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
15 recommendation. See Fed. R. Civ. P. 72.

16 DATED this 17th day of July, 2008.

*[signature: Edward C. Voss]*
Edward C. Voss
United States Magistrate Judge